IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 MAY -4  PM 1:19
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                  DEPUTY

| | | |
|---|---|---|
| ERIC FLORES,<br>TDCJ No. 2051801,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | EP-16-CV-130-DCG |
| | § | |
| R. MOORE, Senior Warden,<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Eric Flores, a state prisoner at the Middleton Unit in Abilene, Texas, challenges Respondent Senior Warden R. Moore's custody over him through a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Because "it plainly appears from the petition … that the petitioner is not entitled to relief,"[1] the Court will dismiss the petition. The Court will additionally deny Flores a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

Flores is serving a six-year sentence as the result of his conviction for burglary of a building in cause number 20110D01621 in the 120th Judicial District Court of El Paso County, Texas.[2] Flores claims he appealed the judgment, but state court records show he only filed a petition for a writ of mandamus against the trial judge alleging that she sentenced him "and his mother to death because he

---

[1] 28 U.S.C. foll. § 2254 Rule 4.

[2] State v. Flores, 20110D01621 (120th Dist. Ct., El Paso Cnty., Tex. Jan. 28, 2016).

raised a conspiracy defense in a pending criminal case."[3] Flores also claims he has a petition for a writ of certiorari "pending" before the United States Supreme Court.[4] Notably, Flores does not suggest or provide evidence that he submitted a state application for a writ of habeas corpus. Moreover, available state court records do not support a conclusion that he filed either a direct appeal or a state application for a writ of habeas corpus.[5]

The Court understands Flores to assert in his § 2254 petition — which he originally filed in the San Antonio Division—that the trial court erred when it prevented him from calling a witness, denied him compulsory process to obtain the testimony of a federal judge regarding a lawsuit, denied him the right to an impartial jury, and deprived him of his right to a speedy trial.[6] The Court notes Flores claimed in a separate § 2254 petition — which he filed in the El Paso Division — that the same trial court in the same criminal case erred when it deprived him of his right to a speedy trial, denied him the opportunity to present witnesses in his defense, and exhibited bias against him because of his visible tattoos.[7] The Court dismissed the petition filed in the El Paso Division without prejudice when it determined that Flores had failed to exhaust his available state remedies.[8]

## LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on

---

[3] In re Flores, No. 08-15-00363-CR, 2016 WL 155934, at *1 (Tex. App. Jan. 13, 2016, pet. ref'd).

[4] Pet'r's Pet. 3, Apr. 11, 2016, ECF No. 1.

[5] See http://www.search.txcourts.gov, search for "Flores, Eric", last visited on April 20, 2016.

[6] Pet'r's Pet. 6-7; see Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers).

[7] Pet'r's Pet. 6-7, Mar. 24, 2016, ECF No. 1-1, Flores v. Moore, EP-16-CV-105-FM, W.D. Tex.

[8] J., Apr. 13, 2016, ECF No. 5, Flores v. Moore, EP-16-CV-105-FM, W.D. Tex.

behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[9] As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[10] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[11] It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[12]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[13] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[14] Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[15]

---

[9] 28 U.S.C. § 2254(a) (2012).

[10] Id. § 2254(b)(1), (c); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).

[11] Picard v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)).

[12] Ex Parte Royall, 117 U.S. 241, 251 (1886).

[13] Baldwin v. Reese, 541 U.S. 27, 29 (2004); Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004).

[14] Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).

[15] See Tex. Crim. Proc. Code Ann. art. 11.07 (West) ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001); Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998).

## ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[16] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[17]

In this case, Flores's petition clearly shows that he has not presented his claims — that the trial court erred when it prevented him from calling a witness, denied him compulsory process to obtain the testimony of a federal judge, denied him the right to an impartial jury, and deprived him of his right to a speedy trial[18] — in a procedurally proper manner to the state's highest court.[19] Thus, he has not "exhausted the remedies available in the courts of the State."[20] Further, he still "has the right under the law of the State to raise ... the question[s] presented."[21] Thus, it is plain from the face of Flores's petition that he has not satisfied the preconditions for review set forth in § 2254. Dismissal of his petition for lack of exhaustion is therefore warranted so that he may timely pursue his state remedies and then return to this Court, if he so desires.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice

---

[16] 28 U.S.C. foll. § 2254 Rule 4.

[17] *Id.*

[18] Pet'r's Pet. 6-7, Apr. 11, 2016, ECF No. 1.

[19] *Id.* at 3.

[20] 28 U.S.C. § 2254(b)(1)(A).

[21] *Id.* § 2254(c).

or judge issues a certificate of appealability."[22] A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[23] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[24] To warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[25] Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case is correct. Accordingly, the Court finds it should deny Flores a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Flores is not entitled to federal habeas corpus relief at this time. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Eric Flores's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that Petitioner Eric Flores is **DENIED** a certificate of appealability.

---

[22] 28 U.S.C. § 2253(c)(1) (2012).

[23] *Id.* § 2253(c)(2).

[24] Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[25] *Id.*

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that the District Clerk shall immediately **NOTIFY** Petitioner Eric Flores of this decision.

**IT IS ALSO ORDERED** that Petitioner Eric Flores is **WARNED** that further frivolous petitions will invite the imposition of sanctions, and that he may be barred from filing additional pleadings challenging his conviction in in cause number 20110D01621 in the 120th Judicial District Court of El Paso County, Texas, until he pays the sanctions in full.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this __2nd__ day of May, 2016.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE